UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

VINCENT A. LAMONACA,
on behalf of himself and all others
similarly situated,                                             No. 18-

                Plaintiff,

                                              CLASS ACTION
    v.
                                              JURY TRIAL DEMANDED

PA FIRE RECOVERY SERVICE,

                Defendant

**CLASS ACTION COMPLAINT**

### I.    INTRODUCTION

1. This is a consumer class action brought on behalf of consumers against a debt collector for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA"), consumer protection state laws and common law governing Defendant's conduct. These laws prohibit debt collectors and other entities from engaging in false, deceptive, misleading or unfair collection practices.

### II.    JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. §§ 1331, 1337. Supplemental jurisdiction is provided under 28 U.S.C. § 1367.

3. Venue lies in this district pursuant to 28 U.S.C. § 1391(b).

### III.    PARTIES

4. Plaintiff Vincent A. LaMonaca is an adult individual residing in New Jersey.

5. Defendant PA Fire Recovery Service ("Recovery") is located at 7260 Periwinkle Drive, Macungie, PA 18062. Recovery regularly engages in the collection of consumer debt

through the use of the mails.  At all times material hereto, Recovery was a "debt collector" as that term is contemplated in section 1692a of the FDCPA.

## IV. FACTUAL ALLEGATIONS

6. On or about October 23, 2016, Plaintiff LaMonaca was one of three drivers involved in a minor chain-reaction automobile accident on Interstate 95 in Pennsylvania.  The accident did not take place in the city of Chester, PA.

7. There was resulting minor damage to the vehicles but there were no injuries.

8. Mr. LaMonaca was not at fault in the accident.

9. The City of Chester Fire Department was called to the scene.

10. The Chester Fire Department rendered no assistance to Mr. LaMonaca or to his vehicle.

11. By letter dated August 22, 2017, Defendant Recovery attempted to collect the sum of $600.00 from Mr. LaMonaca, purportedly for "Services Rendered" by the Chester Fire Department on October 23, 2016.  A redacted copy of the August 22, 2017 collection letter (the "Recovery Letter") is attached hereto as **Exhibit A**.

12. Upon information and belief, Recovery also attempted to collect the same or similar amounts from the other two drivers involved in the accident.

13. The Recovery Letter is a standardized form letter used by Recovery in its debt collection business.

14. The Recovery Letter makes reference to "Chester City Ordinance No. 6-2012."  The Chester City Ordinance has no legal effect and is not enforceable outside the City of Chester.

15. Moreover, no Chester City ordinance holds a not-at-fault party involved in a motor vehicle accident liable for any costs arising from any services performed by the Chester Fire Department.

16. Upon information and belief, Recovery sends the form Recovery Letter to every party involved in a motor vehicle accident to which a fire company responds, irrespective whether such party was at fault in the accident. Recovery thus deliberately and improperly places the burden of responding to its debt collection attempts on parties that Recovery knows do not owe the alleged debt.

17. The Recovery Letter was sent to Plaintiff intentionally with the purpose of coercing him into paying a debt he did not owe.

18. The Recovery Letter created confusion and misunderstanding for a number of reasons, as described below.

19. The Recovery Letter contained several inaccurate, deceptive and misleading material misrepresentations, including but not limited to statements that services were rendered to Mr. LaMonaca by the Chester Fire Department and that the bill was the "responsibility" of Mr. LaMonaca.

20. The Recovery Letter demanded payment of the sum of $600.00 "On Receipt."

21. The Recovery Letter did not provide Mr. LaMonaca with the notice and opportunity to seek verification of the alleged debt within thirty days after receipt of the letter, as required by section 1692g(a) of the FDCPA.

22. In further attempts to collect money from Mr. LaMonaca, Recovery referred the matter to another debt collector, Firststates Financial Services, Corp., who then attempted, on behalf of Recovery, to collect an increased amount of $800.40 from Plaintiff.

23. There is no basis in law or in contract obligating Mr. LaMonaca to pay either amount demanded by Recovery, or any amount at all.

24. The Recovery Letter attempted to collect an amount not expressly authorized by an agreement creating a debt or permitted by law, in violation of section 1692f(1) of the FDCPA.

25. Defendant Recovery knew or should have known that it had no basis in law for billing and attempting to collect money from Plaintiff and for the material misrepresentations in the Recovery Letter. Defendant advises fire departments in the FAQ portion of its website that there is no legal basis for billing individuals such as Plaintiff: "Do we need to have an Ordinance in place to bill? Absolutely not…." *See* https://pafrs.us/faq/.

26. As a matter of common business practice, Defendant Recovery deliberately and intentionally attempts to collect multiple bills for purported services from every person involved in an accident, irrespective whether such person was at fault in the accident.

27. Defendant Recovery intended that Plaintiff and other similarly situated persons rely on the misrepresentations in the Recovery Letter.

28. Plaintiff relied on the misrepresentations in the Recovery Letter and believed that Recovery was attempting to collect money from him.

29. As a result of the above described collection tactics, upon information and belief, Defendant has knowingly and illegally attempted to collect, and has collected, duplicate amounts of money from multiple persons arising from a single vehicle incident.

30. Mr. LaMonaca sustained particularized and concrete harm as a result of the actions of Defendant. His Congressionally granted rights to remain free of false, deceptive and misleading representations, of unfair and unconscionable means to collect or attempt to collect debt, of attempts to collect money from him for which there was no basis in contract or law, and his right to obtain validation and verification of the alleged debt pursuant to federal statutory requirements, were all denied by Defendant. These rights were designed by Congress to protect against invasions of

individual privacy, and Defendant deprived Plaintiff of those rights. Plaintiff was subjected to Defendant's fraudulent actions, his privacy was invaded, and Defendant's actions caused significant upset and emotional distress.

31. Defendant knew or should have known that its actions violated the FDCPA and other applicable laws. Defendant could have taken steps necessary to bring its collection activity into compliance with the FDCPA and other laws, but knowingly neglected to do so and failed to adequately review their actions to ensure compliance with the law.

## IV. CLASS ACTION ALLEGATIONS

32. Plaintiff brings this action individually and as a class action, pursuant to Rules 23(a) and 23(b) of the Federal Rules of Civil Procedure, on behalf of the following Classes:

   a. **The Recovery Class**: All persons who were not at fault in a motor vehicle accident or for whom there was no ordinance permitting cost recovery services who, beginning one year prior to the filing of this Complaint through and including the final resolution of this case, were sent one or more letter(s) from Defendant PA Fire Recovery Service in an attempt to collect money.

   b. **The New Jersey-Recovery Subclass**: All residents of New Jersey who were not at fault in a motor vehicle accident or for whom there was no ordinance permitting cost recovery services who, beginning six years prior to the filing of this Complaint through and including the final resolution of this case, were sent one or more letter(s) from Defendant PA Fire Recovery Service in an attempt to collect money.

   c. **The Pennsylvania-Recovery Subclass**: All residents of Pennsylvania who were not at fault in a motor vehicle accident or for whom there was no ordinance permitting cost recovery services who, beginning six years prior to the filing of this Complaint through and including the final resolution of this case, were sent one or more letter(s) from Defendant PA Fire Recovery Service in an attempt to collect money.

33. The Classes are so numerous that joinder of all members is impracticable. This Complaint concerns mass-produced form collection letters. Although only Defendant knows the

precise number of Class members, Defendant regularly collects or attempts to collect money from consumers through the mailing of collection letters.

34. There are questions of law and fact common to the Classes, which predominate over any questions affecting only individual Class members. The principal common questions include:

    a. Whether the FDCPA was violated by a representation in a standardized form collection letter from Defendant Recovery that the alleged debt was a consumer's responsibility;

    b. Whether the FDCPA was violated by a representation in a standardized form collection letter from Recovery that payment was due "On Receipt;"

    c. Whether the FDCPA was violated by Recovery in sending a standardized form collection letter that lacked the validation notice required by section 1692g of the FDCPA;

    d. Whether Defendant violated the FDCPA by collecting or attempting to collect amounts not expressly authorized by an agreement creating a debt or permitted by law;

    e. Whether Defendant's collection letters overshadowed or contradicted the validation notice required by section 1692g of the FDCPA;

    f. Whether Defendant collected duplicate and excess amounts by billing multiple consumers for the same amounts;

    g. How much money Defendant has collected from consumers during the class period;

    h. Whether the actions and omissions of the Defendant as described above violated the New Jersey Consumer Fraud Act;

    i. Whether the actions and omissions of the Defendant as described above

violated the New Jersey Truth in Consumer Contract Warranty and Notice Act;

j.  Whether the actions and omissions of the Defendant as described above violated the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-1, *et seq.*; and,

k.  Whether the actions and omissions of the Defendant as described above violated the Pennsylvania Fair Credit Extension Uniformity Act, 73 P.S. § 2270.1, *et seq*.

35.  Plaintiff's claims are typical of the claims of the Classes, which all arise from the same operative facts and are based on the same legal theories.

36.  Plaintiff will fairly and adequately protect the interests of the Classes. Plaintiff is committed to vigorously litigating this matter and has retained counsel experienced in handling class actions and claims involving unfair collection and unlawful business practices. Neither Plaintiff nor his counsel has any interests that might cause them not to vigorously pursue this claim.

37.  This action should be maintained as a class action because the prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members which would establish incompatible standards of conduct for the parties opposing the Class, as well as a risk of adjudications with respect to individual members which would as a practical matter be dispositive of the interests of other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

38.  A class action is a superior method for the fair and efficient adjudication of this controversy. The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action under the FDCPA are $1,000.00. Management of the Class claims is likely to present

significantly fewer difficulties than those presented in many class claims. The identities of the Class members may be obtained from Defendant's records.

### V.    CLAIMS

### Count One – FDCPA

**Plaintiff and Recovery Class v. PA Fire Recovery Service**

39.    Plaintiff repeats and realleges all paragraphs above as if fully set forth herein.

40.    Plaintiff is a "consumer" within the meaning of section 1692a(3) of the FDCPA.

41.    Defendant PA Fire Recovery Service is a "debt collector" within the meaning of section 1692a(6) of the FDCPA.

42.    Defendant Recovery's August 22, 2017 Letter to the Plaintiff is a "communication" relating to a "debt" as defined by sections 1692a(2) and 1692a(5) of the FDCPA.

43.    Defendant Recovery violated the FDCPA as to Plaintiff and the Recovery Class. Defendant's violations include, but are not limited to, violations of sections 1692e, 1692f(1) and 1692g of the FDCPA, as evidenced by the following conduct:

    a.    Using a false, deceptive and misleading representation that the alleged debt was a consumer's responsibility;

    b.    Using a false, deceptive and misleading representation that payment was due "On Receipt;"

    c.    Sending collection letters that overshadowed or contradicted the validation notice required by section 1692g of the FDCPA;

    d.    Collecting or attempting to collect amounts not expressly authorized by an agreement creating a debt or permitted by law;

    e.    Collecting or attempting to collect duplicate and excess amounts from

multiple consumers arising from the same incident.

44. Defendant Recovery's actions as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's and the Recovery Class's rights under the law and with the purpose of coercing Plaintiff and members of the Recovery Class to pay alleged debt.

45. As a result of the violations of the FDCPA, Defendant Recovery is liable to the Plaintiff and members of the Recovery Class for actual damages, statutory damages, costs and attorney's fees.

## Count Two – New Jersey Consumer Fraud Act

### Plaintiff and New Jersey-Recovery Subclass v. PA Fire Recovery Service

46. Plaintiff repeats and realleges all paragraphs above as if fully set forth herein.

47. Plaintiff LaMonaca brings this cause of action pursuant to the New Jersey Consumer Fraud Act ("CFA"), on Plaintiff's behalf and on behalf of the New Jersey-Recovery Subclass.

48. The CFA explicitly and without qualification outlaws "[t]he act, use or employment by any person of any unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation, or the knowing, concealment, suppression, or omission of any material fact … in connection with the sale or advertisement of any merchandise or real estate … whether or not any person has in fact been misled, deceived or damaged thereby, is declared to be an unlawful practice." N.J.S.A. § 56:8-2.

49. The purported services rendered by the Chester Fire Department constitute "merchandise" within the meaning of the CFA, N.J.S.A. § 56:8-1(c).

50. Defendant Recovery is a "person" within the meaning of the CFA, N.J.S.A. § 56:8-

1(d).

51.     Defendant Recovery has violated the CFA as it has used and employed unfair and deceptive practices in connection with attempts to collect money arising from the purported services rendered by the Chester Fire Department, as described herein.

52.     Defendant Recovery's business practices constitute unconscionable commercial practices, deception, fraud, false promises, false pretenses and/or misrepresentations in its interactions with Plaintiff and those similarly situated, in violation of the CFA.

53.     Plaintiff and those similarly situated suffered ascertainable losses as described herein.

**Count Three – New Jersey Truth in Consumer Contract Warranty Notice Act**

**Plaintiff and New Jersey-Recovery Subclass v. PA Fire Recovery Service**

54.     Plaintiff repeats and realleges all paragraphs above as if fully set forth herein.

55.     Plaintiff LaMonaca brings this cause of action under the New Jersey Truth-in-Consumer Contract, Warranty and Notice Act, N.J.S.A. § 56:12-14 *et seq*. ("TCCWNA"), on Plaintiff's behalf and on behalf of the New Jersey-Recovery Subclass.

56.     TCCWNA provides in relevant part that "(n)o seller … shall in the course of his business offer to any consumer or prospective consumer or enter into any written contract or give or display any written consumer warranty, notice or sign ... which includes any provision that violates any clearly established legal right of a consumer or responsibility of a seller ... as established by State or Federal law at the time the offer is made or the consumer contract is signed or the warranty, notice or sign is given or displayed."   N.J.S.A § 56:12-15.

57.     Plaintiff is a "consumer" within the meaning of TCCWNA.

58.     Defendant Recovery is a "seller" within the meaning of TCCWNA.

59. The Recovery Letter, described above, displays a notice that is false, deceptive and misleading as described herein.

60. The false notice that services were rendered, that payment is Plaintiff's responsibility and that money is due on receipt, when none of that is true, violates the legal rights of the Plaintiff and the New Jersey-Recovery Subclass, and the responsibilities of Defendant Recovery.

61. The Recovery Letter violates New Jersey law as constituting unconscionable commercial practices, deception, fraud, false promises, false pretenses and/or misrepresentations.

62. Pursuant to N.J.S.A. 56:12-17, Defendant Recovery is liable for statutory damages in the amount of $100 for each Class member, actual damages, attorneys' fees and costs.

**Count Four – Pennsylvania Unfair Trade Practices and Consumer Protection Law**

**Plaintiff and Pennsylvania-Recovery Subclass v. PA Fire Recovery Service**

63. Plaintiff repeats and realleges all paragraphs above as if fully set forth herein.

64. Plaintiff LaMonaca brings this cause of action under the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-1, *et seq*. ("CPL"), on Plaintiff's behalf and on behalf of the Pennsylvania-Recovery Subclass.

65. The CPL provides in part that engaging in any fraudulent or deceptive conduct which creates a likelihood of confusion or of misunderstanding is an unfair method of competition and an unfair or deceptive act or practice.  73 P.S. § 201-2(4)(xxi).

66. Plaintiff and Defendant Recovery are each a "person" within the meaning of the CPL.  73 P.S. § 201-2(2).

67. Defendant Recovery has violated the CPL as it has used and employed unfair and deceptive practices creating a likelihood of confusion or of misunderstanding in connection with

attempts to collect money arising from the purported services rendered by the Chester Fire Department, as described herein.

68. Defendant Recovery's business practices constitute unconscionable commercial practices, deception, fraud, false promises, false pretenses and/or misrepresentations in its interactions with Plaintiff and those similarly situated, in violation of the CPL.

69. Plaintiff and those similarly situated suffered ascertainable losses as described herein.

### Count Five – Pennsylvania Fair Credit Extension Uniformity Act

**Plaintiff and Pennsylvania-Recovery Subclass v. PA Fire Recovery Service**

70. Plaintiff repeats and realleges all paragraphs above as if fully set forth herein.

71. Plaintiff LaMonaca brings this cause of action under the Pennsylvania Fair Credit Extension Uniformity Act, 73 P.S. § 2270.1, *et seq.* ("FCEUA"), on Plaintiff's behalf and on behalf of the Pennsylvania-Recovery Subclass.

72. Plaintiff is a "consumer" within the meaning of the FCEUA, 73 P.S. § 2270.3.

73. Defendant Recovery is a "creditor" or "debt collector" within the meaning of 73 P.S. § 2270.3.

74. The FCEUA provides that it "shall constitute an unfair or deceptive debt collection act or practice under this act if a debt collector violates any of the provisions of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*." 73 P.S. 2270.4(a).

75. The FCEUA further provides that creditors are prohibited from engaging in unfair or deceptive debt collection acts or practices or unfair or unconscionable means to collect or attempt to collect a debt, including but not limited to the use of false, deceptive or misleading representations or means in connection with the collection of debt; false representation of the

12

character, amount or legal status of any debt; the threat to take any action that cannot legally be taken or that is not intended to be taken; or, the collection of any amount unless such amount is expressly authorized by an agreement creating the debt, or permitted by law. 73 P.S. § 2270.4(b)(5), (6).

76. Defendant Recovery has violated the FCEUA by its actions and omissions, as described above.

77. Plaintiff and those similarly situated suffered ascertainable losses as described herein.

### Count Six – Actionable Fraud

**Plaintiff and Recovery Class v. PA Fire Recovery Service**

78. Plaintiff repeats and realleges all paragraphs above as if fully set forth herein.

79. Defendant Recovery made material misrepresentations concerning Plaintiff's obligation to pay for services provided by the Chester Fire Department, including but not limited to misrepresentations that Plaintiff owed $600; that the money was due on receipt; and, that the bill was his responsibility.

80. Defendant knew that the misrepresentations were false.

81. Defendant intended that Plaintiff rely on the false representations.

82. Plaintiff reasonably relied on the misrepresentations in believing that Defendant intended to collect money from him that he did not owe.

### Count Seven – Equitable Fraud

**Plaintiff and Recovery Class v. PA Fire Recovery Service**

83. Plaintiff repeats and realleges all paragraphs above as if fully set forth herein.

84. Defendant Recovery made material misrepresentations concerning Plaintiff's

obligation to pay for services provided by the Chester Fire Department, including but not limited to misrepresentations that Plaintiff owed $600; that the money was due on receipt; and, that the bill was his responsibility.

85. Defendant knew that the misrepresentations were false.

86. Plaintiff reasonably relied on the misrepresentations in believing that Defendant intended to collect money from him that he did not owe.

## Count Eight - Invasion of Privacy

### Plaintiff v. PA Fire Recovery Service

87. Plaintiff repeats and realleges all paragraphs above as if fully set forth herein.

88. The Recovery Letter has intentionally intruded upon the solitude of the Plaintiff and his private affairs and concerns, in a manner which would be highly offensive to a reasonable person.

89. The Recovery Letter publicized information that unreasonably placed Plaintiff in a false light before the public, in a manner which would be highly offensive to a reasonable person.

90. Defendant Recovery had knowledge or acted in reckless disregard as to the falsities contained in the Recovery Letter and the false light in which Plaintiff would be placed.

## Count Nine – Negligent Infliction of Emotional Distress

### Plaintiff v. PA Fire Recovery Service

91. Plaintiff repeats and realleges all paragraphs above as if fully set forth herein.

92. Defendant Recovery owed a duty of reasonable care to the Plaintiff because it was foreseeable that Plaintiff would be seriously distressed by being pursued for a financial obligation that was not his responsibility.

93. Defendant breached that duty.

94. Plaintiff suffered emotional distress as the proximate cause of that breach.

## Count Ten – Intentional Infliction of Emotional Distress

### Plaintiff v. PA Fire Recovery Service

95. Plaintiff repeats and realleges all paragraphs above as if fully set forth herein.

96. Defendant Recovery's conduct as described herein was extreme and outrageous. The conduct went beyond the bounds of decency and is intolerable in a civilized community.

97. Defendant Recovery acted intentionally or recklessly to collect money that it knew was not due and owing and intended to produce emotional distress with the Recovery Letter.

98. Defendant Recovery acted recklessly in deliberate disregard of a high degree of probability that emotional distress would be caused by the Recovery Letter.

99. Defendant Recovery's actions proximately caused Plaintiff's emotional distress.

## VII. JURY TRIAL DEMAND

100. Plaintiff demands trial by jury as to all issues so triable.

## VIII.     **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays that relief be granted as follows:

A.     That an order be entered certifying the proposed Classes under Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and his counsel to represent the Classes;

B.     That judgment be entered against Defendant for actual damages;

C.     That judgment be entered against Defendant for statutory damages;

D.     That the Court award costs and reasonable attorneys' fees; and,

E.     That the Court grant such other and further relief as may be just and proper.

Respectfully submitted,

**FRANCIS & MAILMAN, P.C.**

Dated:   July 6, 2018          BY:     */s/ James A. Francis*
James A. Francis
David A. Searles (*pro hac vice* forthcoming)
Land Title Building, Suite 1902
100 South Broad Street
Philadelphia, PA 19110
(215) 735-8600

*Attorneys for Plaintiff and the Classes*